## WARN v. STARIN.

(Supreme Court, Appellate Term. October 27, 1905.)

COLLISION—BARGE AT FAULT—OWNERSHIP.

    In an action for damages to a canal boat, caused by the alleged negligence of the captain of a barge claimed to belong to defendant, S., proof that the barge belonged to the "S. Transportation Line" was insufficient to establish that S. was the owner or responsible for the acts of the captain.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by David I. Warn, Jr., against John H. Starin. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Avery F. Cushman and James D. Dewell, Jr., for appellant.
Frederick W. Park, for respondent.

SCOTT, P. J. . The action is for damages to a canal boat, caused, as it is said, by the negligence of the captain of a barge which is alleged to belong to defendant. Of course, there can be no recovery unless it is shown the defendant owned the barge and was the employer of the negligent captain. Of this fact there is no evidence in the case. All the evidence is to the effect that the barge belonged to the "Starin Transportation Line." Whether this name represents a corporation or an unincorporated association, or is merely a trade-name under which defendant does business, does not appear. To prove that defendant owned the barge and employed the captain was essential to the maintenance of this action, and in this regard the plaintiff wholly failed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.